# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7535 | **DATE** | 12/1/2010 |
| **CASE TITLE** | U.S. ex rel Jonathan Pinney (#M-15216) v. Nedra Chandler, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to proceed *in forma pauperis* [#3] is denied, without prejudice. Petitioner is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer and that reflects the current balance in Petitioner's prison trust fund account. Failure to comply [or, in the alternative, to pay the $5.00 filing fee] within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide Petitioner with a blank i.f.p. petition along with a copy of this order. The Clerk is further directed to forward a copy of this order to the trust fund office at Dixon Correctional Center to facilitate compliance with this order. Additionally, Petitioner is ordered to show good cause in writing why his petition should not be stayed or dismissed for failure to exhaust state court remedies prior to seeking federal habeas relief. Failure to show cause within thirty days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■**[For further details see text below.]**                                    Docketing to mail notices.

---

# STATEMENT

Jonathan Pinney, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his July 15, 2010, LaSalle County, Illinois, conviction for aggravated battery and illegal trespass on state property on multiple grounds, including alleged due process violations and his contention that the charge brought against him is illegal.

The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to FED. R. CIV. P. 5(e) even though it was not submitted in compliance with the rules of this court. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. *See* 28 U.S.C. § 1915(a)(2). In the case at bar, Petitioner's *i.f.p.* petition is not certified, does not show Petitioner's trust account balance, and is not accompanied by copies of his prison trust fund ledgers.

If Petitioner wants to proceed with this lawsuit, he must submit a certified *i.f.p.* petition showing his current trust account balance. The Clerk will provide Petitioner with a blank *i.f.p.* application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $5.00 required for habeas cases] within thirty days of the date of this order will result in summary dismissal of this suit. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

Petitioner is further ordered to show good cause in writing why the petition should not be stayed or summarily dismissed for failure to exhaust state court remedies prior to filing suit. An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Here, Petitioner affirmatively pleads that he was sentenced on July 15, 2010, and has an appeal pending in state court. *See* Petitioner's petition.

**(CONTINUED)**

| | |
|---|---|
| | AWL |

If Petitioner has failed to exhaust available state court remedies, his federal habeas petition is not ripe for review.  *See, e.g., United States ex rel. Bailey v. Riker*, No. 07 C 1759, 2007 WL 2410117, at *1-2 (N.D. Ill. Aug. 15, 2007) (Gottschall, J.); *United States ex rel. Rico v. Hinsley*, No. 04 C 5081, 2007 WL 2225903, at *4 (N.D. Ill. Aug. 1, 2007) (Pallmeyer, J.).

For the foregoing reasons, Petitioner is ordered to show good cause in writing why the petition should not be stayed pending exhaustion or dismissed for failure to exhaust state court remedies prior to seeking federal habeas review.  Failure to demonstrate exhaustion within thirty days of the date of this order will result in summary dismissal of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Accordingly, Petitioner is ordered to, within thirty days of the date of this order, either submit a renewed i.f.p. petition that is certified by a trust fund officer and that reflects the current balance in Petitioner's prison trust fund account, or pay the $5.00 statutory filing fee, and to show cause in writing why his petition should not be stayed pending exhaustion of his state court remedies or dismissed.